REQUESTED BY: John Knight, Director, State Department of Public Welfare, Lincoln, Nebraska.
Pursuant to section 43-512.07, does the acceptance of ADC payments by a caretaker relative constitute a valid assignment of the child support rights of a payee under a court order?
Does an assignment under section 43-512.07, R.R.S. include averages from a period of time prior to the acceptance of ADC payments so long as the arrearages do not exceed the amount of ADC paid.
Does the filing of UCA-1A (Notice of Assignment), pursuant to section IX 4341.01 of the Nebraska Public WelfareManual, with the appropriate Clerk of the District Court constitute a valid notice of said assignment pursuant to section 43-512.07, R.R.S., or must an order be entered or a document with the applicant's signature (such as the USC-1 acknowledgment form) be filed?
Can the state continue to collect its debt from arrearage payments, assuming that both debt and arrearage exist, past the point in time the assignment of child support rights is terminated.
If question 4 is answered in the affirmative, does any amount of child support in excess of the monthly court ordered amount paid in any one calendar month constitute a payment on arrearages, assuming an arreage exists.
Yes.
Yes.
Yes, the filing of UCA-1A is sufficient. The applicant's signature is not necessary.
Yes.
Yes.
In regard to your first question, section 43-912(1) states:
 "Any dependent child, as defined in section 43-504, or any relative of such dependent child may file with the local county board of public welfare a written application for financial assistance. . ."
If the said application for assistance is approved under section 43-412, such,
 ". . . application for and acceptance of an aid to dependent children payment shall constitute an assignment of child support payments to the Department of Public Welfare. . ." Section 43-512.07.
In regard to your second question, at the time of acceptance of ADC and the assignment of child support the Department of Public Welfare may collect averages incurred on past due child support payments prior to acceptance of ADC. The assignment by the applicant relinquishes all rights to the child support payments to the Department of Public Welfare until the department is reimbursed for all ADC payments. The assignment between the applicant and the department vests in the assignee the present right to all child support. Thus, arrearages not paid prior to the acceptance of ADC are collectible by the Department of Public Welfare. When such arrearages have been collected the child support payments are then forwarded to the assignor. This collection of funds can also be implemented under the Uniform Reciprocal Enforcement of Support Act, section 42-701, et seq.
In regard to your third question, section 43-512.07, R.R.S. states:
 ". . . Upon receipt of notice from the Department of such assignment of child support payments, each clerk of the district court shall transmit the payments received to the department. . ."
The Department of Welfare's form UCS-1A states in part:
 "Notice of the assignment of child support rights to the Nebraska Department of Public Welfare is hereby given for payments which represent child support obligations presently accrued during the period that public assistance is provided. . ."
This form also provides the Clerk of the appropriate district court with the date the assignment becomes effective as well as other pertinent information. Since section43-512.07 does not explicitly require a specific type of notice UCS-1A does meet the requirement of notice pursuant to section 43-512.07.
In regard to your fourth question, section 43-512.07
states:
 ". . . Any court-ordered child support remaining unpaid during the period of the assignment to the department as reimbursement for aid to dependent children payments made during the period of the assignment."
Because the debt was incurred during the period of the assignment to the department the department may continue to collect payment until the debt is paid. The termination of ADC payments does not affect the collection of the debt in any manner.
In regard to question No. 5 according to the Department of Public Welfare's current policy over-payment can be used against arrearages if they exist. We would agree with this policy with the caveat that such a policy is not used in the determination of the basic income need of the ADC recipient for continued eligibility unless such payments are considered a stable income. If payments are received consecutively for three months the support payments are considered income. If there is a break in the support payments the consecutive three month support payment requirement must again be met. Of course once the arrearage is paid the total support payment would be returned to the recipient.